FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EUGENE T. COSEY,

    Defendant - Appellant.

No. 09-4234

(D. Utah)

(D.C. No. 2:09-CR-00406-TS-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a three-day trial, defendant and appellant Eugene T. Cosey was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to forty months' imprisonment. Arguing that the

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court committed plain error in sentencing him, Mr. Cosey appeals his sentence. We affirm.

## BACKGROUND

As part of a graffiti investigation, Tooele City police officers discovered a 9mm Ruger handgun in a vehicle belonging to a juvenile, K.H. The handgun had been reported stolen, which police subsequently confirmed to be true. When officers interviewed K.H., he indicated that he had purchased the gun from a black male called "Gino." After reviewing a photo array, K.H. selected Mr. Cosey as the man who sold him the gun. Additionally, K.H. stated that his friend, C.B., was with him when he bought the gun. When officers interviewed C.B., he corroborated K.H.'s story about the gun purchase and he also identified Mr. Cosey in a photo array as the seller of the gun.

As indicated above, Mr. Cosey was then convicted by a jury of being a felon in possession of a firearm. In preparation for sentencing under the advisory guidelines of the United States Sentencing Commission, Guidelines Manual (2009) ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated Mr. Cosey's total offense level to be 20, which included a four-level enhancement pursuant to USSG § 2K2.1(b)(6) for possessing the firearm in connection with another felony offense. With a criminal

history category of IV, this yielded an advisory sentencing range of 51 to 63 months.

At the sentencing hearing, neither party objected to the PSR's calculations, except that Mr. Cosey objected to the application of the enhancement of possessing the firearm in connection with another felony offense. The district court heard argument on the issue, and ultimately ruled that there was insufficient evidence to support the enhancement. Thus, the court determined Mr. Cosey's total offense level should be 16, which, with criminal history category IV, led to a guideline range of 33-41 months. The district court did, however, during the sentencing hearing orally misstate the guideline range, stating that the guideline range was 31-43 months.

Shortly after that misstatement, defense counsel made his argument about the appropriate sentence and, in doing so, stated the correct guideline range of 33-41 months: "now we're dealing with a sentencing range of 33 to 41 months, and ask you for a sentence within that range." Tr. of Sentencing Hr'g at 28. The government requested a sentence at the high end of the advisory guideline range. Neither party specifically pointed out the judge's misstatement.

In imposing a sentence of forty months, the district court explained that it had considered all the 18 U.S.C. § 3553(a) factors, stating:

> [T]he Court considers the offense in question here to be a serious one. . . . Mr. Cosey does have a long criminal history that began when he was 13 years old.

The Court would note that he was treated with a degree of leniency a number of times in his long history, both as a juvenile and as an adult, and yet Mr. Cosey did not take advantage of those lenient sentences. He seemed to learn nothing from his numerous exposures to the criminal justice system, and almost without fail, as soon as he was out of custody, he would re-offend. . . .

At this point in his life, he has been unwilling or unable to conform his behavior to the rules of society, he's repeatedly violated his parole and probation. And the Court is . . . concerned with those incidents . . . which involved violence or threats of violence.

On the other hand, he has earned a GED and has attended two years of college, but he's not put it to good use. He has a sporadic work history. He has wasted a good part of his life, by his own admission, chasing drugs.

The Court believes the sentence it's going to impose is that which will reflect those factors and that which will protect the public from further crimes of Mr. Cosey, deter him and others from criminal activity.

. . . The Court would further note that a serious consideration for the Court is a sentence that will give the defendant an opportunity to receive the treatment he obviously needs for his mental illness.

Tr. of Sentencing Hr'g at 33-34. The court then sentenced Mr. Cosey to forty months' imprisonment, followed by thirty-six months of supervised release. This appeal followed.

**DISCUSSION**

Following the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), we review sentences for procedural and substantive reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review." <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). Mr. Corey argues the district court committed procedural error when it misstated

-4-

the applicable advisory guideline range. Proper calculation of the advisory guideline range is necessary for procedural reasonableness. United States v. Martinez, 610 F.3d 1216, 1223 (10th Cir. 2010), petition for cert. filed (Sept. 24, 2010) (No. 10-6721).

Mr. Corey concedes that, since he lodged no objection to the district court's sentencing calculation at the time, we may review the claimed procedural error only for plain error. Under the "rigorous" standard of plain error review, "we may reverse a district court's ruling only if [the defendant] demonstrates (1) error (2) that is plain and (3) that affected [his] substantial rights. If these three elements are met, then we may, in our discretion, correct an error that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Wardell, 591 F.3d 1279, 1297-98 (10th Cir. 2009); see also United States v. Hood, 615 F.3d 1293, 1301 (10th Cir. 2010). "Meeting all four prongs is difficult, as it should be." Puckett v. United States, 129 S. Ct. 1423, 1429 (2009) (internal quotations and citations omitted).

The government concedes that the district court's misstatement was error. It argues, however, that it was not plain error. "'Plain' is synonymous with 'clear' or . . . 'obvious.'" United States v. Olano, 507 U.S. 725, 734 (1993). Mr. Cosey has the "burden of proving both plain error and prejudice." United States v. Gonzales, 558 F.3d 1193, 1199 n.6 (10th Cir.), cert. denied, 130 S. Ct. 169 (2009). Mr. Cosey has failed to meet his burden. "Error is plain only if it is

'clear or obvious under current law.'" United States v. Poe, 556 F.3d 1113, 1129 (10th Cir. 2009) (quoting United States v. Kelly, 535 F.3d 1229, 1238 (10th Cir. 2008)). "An error is clear and obvious when it is contrary to well-settled law." Id. (further quotation omitted). While certainly a technical or ministerial error of some sort, the district court's misstatement was not a violation of well-settled law. There can be no doubt that the district court correctly calculated the advisory guideline range, in that it based the range on the correct offense level and criminal history category. It simply misspoke by transposing the last digits of the two guideline range numbers.

But even were we to agree that the error was plain, Mr. Cosey has failed to establish that his substantial rights were violated. "For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Romero, 491 F.3d 1173, 1179 (10th Cir. 2007) (further quotation omitted). As indicated above, Mr. Cosey bears the burden to prove prejudice.

Mr. Cosey argues that the error affected his substantial rights because the sentence imposed was an "odd choice." His explanation for its oddity is as follows:

> The sentence imposed, 40 months, is a reasonable choice for the judge if he is assuming a 31-43 month range, as it is sort of a higher mid-range sentence. On the other hand, a 40 month sentence is a very odd choice for a 33-41 month range, as it is only one month less than the high end, and there is no apparent reason for not simply

imposing a sentence at the high end. It is to be expected that when choosing a sentence within a guideline range, the judge will ordinarily pick a low-end, midrange, or high-end sentence, and a sentence which merely takes one month off the high end is an odd choice, implying that the judge actually had in mind the mistaken range of 31-43 months when he chose the sentence.

Appellant's Br. at 7-8. That is a purely speculative argument. And, the fact that the sentence chosen seems "odd" to the defendant hardly establishes that the district court abused its discretion in selecting that sentence. Indeed, the sentence was within the correctly calculated guideline range and, as such, is presumptively reasonable on appeal. United States v. Gambino-Zavala, 539 F.3d 1221, 1232 (10th Cir. 2008) ("On appeal, we accord a sentence within the Guidelines range a presumption of reasonableness."). Mr. Cosey's speculation about the district court's selection of a within-guidelines-range sentence fails to rebut the presumptive reasonableness of the sentence.

Furthermore, as the government points out, Mr. Cosey has not demonstrated a reasonable probability that, were we to remand this case for resentencing, the result would be different. The district court explained why it chose a sentence towards the top of the guideline range, in that it noted Mr. Cosey had been granted leniency in earlier sentencing decisions, to no avail. The court also stated that Mr. Cosey needed to have sufficient time to receive the mental health treatment he needed. In short, Mr. Cosey has failed to demonstrate prejudice from his forty-month sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge