FILED
United States Court of Appeals
Tenth Circuit

January 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EUGENE T. COSEY,

      Defendant-Appellant.

No. 11-4186

(D.C. Nos. 2:09-CR-00406-TS-1 and
2:11-CV-00104-TS)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Eugene T. Cosey, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2255 motion to vacate, set aside, or correct his sentence. Because Cosey has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss this

matter.

I

In December 2009, Cosey was convicted by a federal jury of a single count of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The trial court sentenced Cosey to a term of imprisonment of forty months. Cosey filed a direct appeal challenging his sentence. This court affirmed. United States v. Cosey, 399 F. App'x 380, 381, 384 (10th Cir. 2010).

On January 24, 2011, Cosey filed a pro se motion under § 2255 to vacate, set aside, or correct his sentence. In his motion, Cosey asserted that: (1) the evidence presented at his trial was insufficient to support his conviction, and his trial counsel failed to sufficiently challenge the lack of fingerprint evidence tying Cosey to the firearm; (2) his case should have been dismissed because of witness credibility problems, and his trial counsel failed in seeking dismissal on these grounds; (3) his trial counsel failed to adequately challenge "voice video" evidence that was admitted at trial; (4) all of the attorneys appointed to represent him from the Utah Federal Public Defenders Office provided insufficient assistance; (5) the trial court made the case a "racial issue"; and (6) he was not treated fairly at trial, in part because there were no black jurors.

On September 27, 2011, the district court, after having obtained a response from the government, issued a memorandum decision and order denying Cosey's § 2255 motion. The district court concluded, as an initial matter, that the substantive issues raised in Cosey's motion "could have been, but were not, raised on direct appeal," and thus were "procedurally barred and c[ould] only be considered if [Cosey] c[ould] establish cause and prejudice or a fundamental miscarriage of justice." ROA, Vol. 1 at 62. The district court acknowledged that Cosey "claim[ed] that these issues were not

raised based on ineffective assistance of [both appellate and trial] counsel." Id. But the

district court concluded that Cosey's appellate counsel was not ineffective for failing to

raise these substantive issues on appeal. Consequently, the district court concluded that

Cosey's claims of ineffective assistance of appellate counsel did not constitute "cause to

excuse his procedural default." Id. at 64. As for Cosey's claims of ineffective assistance

of trial counsel, the district court rejected each of them on the merits:

> To the extent that [Cosey] is claiming ineffective assistance of counsel for failing to challenge the sufficiency of the evidence, the Court finds that [Cosey] has failed to show deficient performance. The record reveals that counsel did, in fact, challenge the sufficiency of the evidence throughout the trial and in a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. Further, there was ample evidence at trial to support a finding that [Cosey] did possess the firearm.

> [Cosey] next appears to argue that counsel failed to file a motion to dismiss based on the lack of credibility of one of the witnesses. The Court cannot find counsel's performance to be deficient. Witness credibility problems do not provide a basis to dismiss. Further, counsel vigorously examined Mr. Harvey and called his credibility in question. Therefore, this claim fails.

> [Cosey] also argues that counsel was ineffective in failing to question whether it was [his] voice on the recorded interview. The Court cannot find counsel's performance to be deficient because the officer involved in interviewing [Cosey] testified that the audio recording was of [Cosey]'s interview. [Cosey] presents nothing to suggest that this testimony could have been or should have been challenged. Therefore, the Court must reject this claim.

> [Cosey] makes further vague claims of ineffective assistance and claims that the Court made his case a "racial issue." These vague allegations contain no support in the record and such conclusory allegations cannot support his ineffective assistance claims.

Id. at 65-66.

Cosey filed a timely notice of appeal, which we construe in part as an application for COA. Cosey has also filed an appellate brief and a motion for leave to proceed on appeal in forma pauperis.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). In turn, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After examining the record on appeal, we conclude that Cosey has failed to make the showing necessary for issuance of a COA. Although Cosey's appellate brief touches on each of the issues asserted in his § 2255 motion, Cosey offers no persuasive refutation of the district court's grounds for rejecting those issues. In other words, Cosey has failed to demonstrate that reasonable jurists could debate whether the issues asserted in his § 2255 motion should have been resolved in a different manner by the district court, or that

4

those issues are adequate to deserve encouragement to proceed further on appeal.[1]

The application for COA is DENIED, the motion for leave to proceed on appeal in forma pauperis is DENIED, and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[1] The district court, in analyzing Cosey's claims of ineffective assistance of appellate counsel, erroneously relied in part on the "dead bang winner" standard outlined in United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). We expressly rejected that standard in Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). The district court's error in this regard, however, does not persuade us that Cosey is entitled to issuance of a COA. More specifically, we conclude that, applying the proper standards for ineffective assistance of appellate counsel claims, Cosey's claims of ineffective assistance of appellate counsel were not meritorious and do not deserve encouragement to proceed further.